## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS B. ANDREWS & WENDY ANDREWS,** his wife, | ) ) | **CIVIL ACTION NO. 3:15-228** |
| **Plaintiffs,** | ) ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| **v.** | ) | |
| | ) | |
| **FULLINGTON TRAIL WAYS, LLC, d/b/a FULLINGTON BUS COMPANY** and **FULLINGTON TOURS**, a Pennsylvania Limited Liability Company, **LIVE NATION WORLDWIDE INC.**, and **MATTHEW JEFFREY PLUMMER**, individually, and **JAMES BRANTNER**, individually, and **TOM BRANT**, individually, and **CLARENCE FLOREY, JR.**, individually and in his capacity as an employee of the Fullington Trailways, LLC and **JOHN DOES**, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

### I.     Introduction

This negligence action arises from an altercation between Plaintiff Thomas B. Andrews and Defendants. Presently before the Court are Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Brandt (ECF No. 22), Brantner (ECF No. 35), and Plummer (ECF No. 37). Also before the Court is Defendant Live Nation Worldwide Inc.'s Motion to Dismiss Punitive Damages pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 29.) For the reasons that follow, the pending motions to dismiss will be **GRANTED**. (*See* ECF Nos. 22, 35, 37, 29.) Plaintiffs' claims against Defendant Brandt and Defendant Brantner are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims against Defendant Plummer and Plaintiffs'

claim for punitive damages against Defendant Live Nation are **DISMISSED** with leave to file amended claims. Plaintiffs are therefore granted leave to amend the Complaint with regard to the claims against Defendant Plummer and the claim for punitive damages against Defendant Live Nation Worldwide Inc.

## II.      Jurisdiction and Venue

The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## III.     Background

Plaintiffs initiated this action by filing an eight-count Complaint on September 1, 2015. (ECF No. 1.) Plaintiffs allege the following facts in the Complaint, which the Court accepts as true for the sole purpose of deciding the pending motions.

On or about September 7, 2013, Plaintiffs attended a concert for a musician known as "Kid Rock." (*Id.* ¶ 14.) The concert took place at the First Niagara Pavilion in Burgettstown, Washington County, Pennsylvania (**First Niagara**), which is owned and operated by Defendant Live Nation Worldwide, Inc. (**Live Nation**). (*Id.* ¶¶ 15, 17.) Defendants Matthew Jeffery Plummer, James Brantner, Tom Brandt,[1] and unidentified John Does chartered a tour bus from Defendant Fullington Bus Company. (*Id* ¶ 15.) The bus, driven by Defendant Clarence Florey, Jr., served as the individual Defendants' transportation to the Kid Rock Concert. (*Id.*)

---

[1] The Complaint incorrectly refers to Defendant Tom Brandt as "Tom Brant." (*see* ECF No. 1 ¶ 11.) The Court will use the proper spelling of Defendant Brandt's last name in this Memorandum Opinion and Order.

After the concert, Plaintiffs, Thomas B. Andrews and his wife, Wendy Andrews, were waiting for traffic to clear in the "F Pole" areas of the parking lot at First Niagara. (*Id.* ¶ 19.) While they were waiting for the traffic to clear, the bus in which Defendants Plummer, Brantner, Brandt, and Does were riding, and which was driven by Defendant Florey, traveled past Plaintiffs. (*Id.*) Plaintiffs allege that Defendants Plummer, Brantner, Brandt, and Does, were under the influence of alcohol sold by First Niagara. (*Id.* ¶ 24.) As the bus drove by Plaintiffs, individuals seated on the bus and members of the party with which Plaintiffs were associated "mooned" one another. (*Id.* ¶ 20.) During this interaction between Plaintiffs and Defendants, an individual on the bus caused damage to one of the bus's windows by placing pressure against the window. (*Id.* ¶ 21.)

At this time, the bus driver, Defendant Florey, stopped the bus and he and certain other of the Defendants exited the bus. (*Id.* ¶ 22.) Defendants Plummer, Brandt, Brantner, and Does confronted Mr. Andrews. (*Id.* ¶ 23.) Plaintiff Thomas Andrews was attacked and knocked to the ground, causing him to strike his head and become unconscious. (*Id.*)

As a result of the altercation described above, Plaintiff Thomas B. Andrews suffered physical pain, severe physical injuries, emotional distress, and mental anguish and suffering. (*Id.* ¶ 26.) Plaintiff Thomas Andrews was transported to the Presbyterian Hospital in Pittsburgh for his injuries. (*Id.*) Plaintiff Wendy Andrews suffered emotional distress and mental suffering after having watched her husband be attacked and knocked unconscious. (*Id.* ¶ 27.)

In Counts I, II, and III of the Complaint, Plaintiffs assert claims against Defendants Foley and Fullington Trail Ways, LLC. As the motions presently before the Court do not relate to

these claims or Defendants, the Court will not address Counts I-III in this Memorandum Opinion and Order. (*See* *id*. ¶¶ 28-39.)

In Count IV of the Complaint, Plaintiffs assert a claim of negligence against Defendant Live Nation. (*See* *id*. ¶¶ 40-43.) Plaintiffs assert that Live Nation owns First Niagara, and therefore owes a duty to its patrons to establish protocol and policies to ensure the safety and security of its patrons. (*Id*. ¶ 41.) Plaintiffs allege that Live Nation breached this duty by failing to establish rules, protocol, or policies to ensure Plaintiffs' safety. Alternatively, Plaintiffs allege that Defendant Live Nation failed to train its agents properly to adequately provide protection and security, or that its agents failed to follow established policies to ensure Plaintiffs' safety. (*Id*. ¶ 42.) Plaintiffs assert that as a direct and proximate result of Live Nation's failures, Plaintiffs sustained damages, including emotional distress, annoyance, inconvenience, physical injuries, medical bills, the costs of attorneys' fees, and other damages that may be proper and just. (*Id*. ¶ 43.)

In Count V of the Complaint, Plaintiffs assert a claim of negligence against Defendant Plummer. (*See* *id*. ¶¶ 44-47.) Plaintiffs state that Defendant Plummer "owed a duty to . . . Plaintiffs," and that he breached that duty by "acting with excessive and unreasonable force, negligently and without due care." (*Id*. ¶ 45.) Plaintiffs allege that Defendant Plummer was "unreasonable, negligent and breached his duty to exercise due care generally and in the following respects: (a) Failing to remain on the bus; (b) Confronting Thomas B. Andrews; (c) Failing to attempt to retreat from the altercation; (d) Using excessive, disproportionate, and unreasonable force; (e) Striking Thomas B. Andrews when physical force was neither required nor permitted; (f) Acting unreasonably throughout the altercation; and (g) Failing to exercise

reasonable care." (*Id.* ¶ 46.) Plaintiffs state that Defendant Plummer's negligence caused damages to Plaintiffs including, but not limited to emotional distress, annoyance, inconvenience, medical bills, costs, attorneys' fees, physical injuries, and other damages that may be proper and just. (*Id.* ¶ 47.)

In Count VI of the Complaint, Plaintiffs assert a claim of negligence against Defendants Brandt, Brantner, and Does. (*See id.* ¶¶ 48-51.) Plaintiffs state that Defendants Brandt, Brantner, and Does "owed a duty to . . . Plaintiffs," and that they breached that duty by "acting with excessive and unreasonable force, negligently and without due care." (*Id.* ¶ 49.) Plaintiffs allege that Defendants Brandt, Brantner, and Does were "unreasonable, negligent, and breached [their] duty to exercise due care generally and in the following respects: (a) Failing to remain on the bus; (b) Confronting Thomas B. Andrews; (c) Failing to attempt to retreat from the altercation; (d) Provoking or otherwise encouraging the attack on Mr. Andrews; (e) Failing to attempt to stop Defendant Plummer from striking Thomas B. Andrews; (f) Acting unreasonably throughout the altercation; and (g) Failing to exercise reasonable care." (*Id.* ¶ 50.) Plaintiffs state that the conduct of Defendants Brandt, Brantner, and Does directly and proximately caused damages including, but not limited to emotional distress, annoyance, inconvenience, medical bills, costs, attorneys' fees, physical injuries, and other damages that may be proper and just. (*Id.* ¶ 51.)

In Count VII of the Complaint, Plaintiffs assert a claim of loss of consortium against all Defendants. (*See id.* ¶¶ 52-53.) Plaintiffs allege that as a direct and proximate result of the acts described in the complaint, Plaintiff Wendy Andrews has suffered a loss of society, services, comfort, and consortium of her husband, Plaintiff Thomas Andrews. (*Id.* ¶ 53.)

In Count VIII of the Complaint, Plaintiffs assert a claim for punitive damages against all Defendants. (*See id*. ¶¶ 54-55.) Plaintiffs allege that Defendants "are jointly and severally liable to . . . Plaintiffs for punitive damages due to their respective conduct which was outrageous, grossly negligent, willful, wanton, reckless, and in utter disregard and/or with criminal indifference to civil obligations and for the safety of the public and patrons given the high degree of risk and peril caused by permitting the conditions" which Plaintiffs described in the Complaint. (*Id.* ¶ 55.)

Defendants Brandt, Brantner, and Plummer filed individual motions to dismiss the claims against them pursuant to FRCP 12(b)(6). (*See* ECF Nos. 22, 35, 37.) Defendant Live Nation filed a motion to dismiss the punitive damages claim against it pursuant to FRCP 12(b)(6). (*See* ECF No. 29.) The parties fully briefed each of these motions, and they are now ripe for disposition. (*See* ECF Nos. 23, 30, 36, 38, 39, 41, 42, 45, 46, 47.)

After reviewing the applicable law, the Court will address each pending motion separately in the Discussion section below. For the reasons that follow, the Court grants the motions to dismiss and the motion to dismiss punitive damages. Plaintiffs are granted leave to amend the Complaint only with respect to the claims against Defendant Plummer and the claim for punitive damages against Defendant Live Nation.

## IV.    Applicable law

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has

been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See id*. at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp*. 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has pleaded a "plausible claim for relief is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114

F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

## V. Discussion

### A. Defendant Brandt's Motion to Dismiss

Defendant Brandt moves to dismiss the claims against him. (*See* ECF No. 22.) Defendant Brandt argues that Plaintiffs have failed to allege the existence of a duty owed to them by Defendant Brandt, and that they therefore cannot state a negligence claim against him. (ECF No. 23 at 3-5.) In the alternative, Defendant Brandt argues that Plaintiffs have failed to allege conduct on the part of Defendant Brandt which would support an award of punitive damages, and that their claim against him for punitive damages must therefore be dismissed. (*Id.* at 5-6.)

In opposition to the motion, Plaintiffs state that the complaint adequately alleges that Defendant Brandt was "unreasonable, negligent, and breached the duty to exercise due care generally." (ECF No. 39 at 4.) The Court disagrees and concludes that although the Complaint is littered with the terms "negligently" and "unreasonably," the facts alleged do not state a claim for negligence against Defendant Brandt. The Court will therefore dismiss the claims against him on that basis, and need not address the issue of punitive damages with respect to Defendant Brandt.

To state a claim for negligence under Pennsylvania law, the plaintiff must allege the following elements: (1) a legal duty; (2) a breach of that duty; (3) a causal relationship between the defendant's negligence and plaintiff's injuries; and (4) damages. *City of Philadelphia v. Beretta*

*U.S.A. Corp.*, 277 F.3d 415, 422 n. 9 (3d Cir. 2002) (citing *Martin v. Evans*, 551 Pa. 496 (1998)). The initial inquiry in a negligence action is whether the defendant owed to the plaintiff a duty of care. *James v. Duquesne University*, 936 F.Supp.2d 618, 628 (W.D. Pa. 2013) (citing *R.W. v. Manzek*, 585 Pa. 335 (2005)). Where there is no duty, there can be no negligence. *Id*. at 630 (citing *Maxwell v. Keas*, 433 Pa.Super. 70 (1994)). "In other words, before a person may be subject to liability for failing to act in a given situation, it must be established that the person has a duty to act; if no care is due, it is meaningless to assert that a person failed to act with due care." *Id*. (internal citations omitted).

Under Pennsylvania law, a defendant owes the plaintiff a duty if the defendant's actions are unreasonable, or if the defendant's actions expose the plaintiff to an elevated risk of foreseeable harm. *Miller v. Group Voyagers Inc.*, 912 F.Supp. 164, 167 (E.D. Pa. 1996). However, "[u]nder the common law there is no duty to control the conduct of a third party to protect another from harm, except where a defendant stands in some special relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct, which gives the victim a right to protection." *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 40 (Pa. Super. 2000) (citing *Emerich v. Philadelphia Center for Human Development*, 554 Pa. 209 (1998)). Federal courts applying Pennsylvania law have held that such "special relationship" is limited to one of those found in §§ 316-319 of the Restatement (Second) of Torts. *See Conroy v. JBJ Limousine, Inc.*, 2009 WL 4263348, at *3 (Nov. 25, 2009). Thus, to assert a claim against a third party for the acts of another, a plaintiff must allege that one of the following relationships and resulting duties exists: (1) a parent's duty to control a child; (2) a master's

duty to control a servant; (3) a possessor of land's duty to control a licensee; and (4) the duty of those in charge of individuals with dangerous propensities to control those individuals. *Id.*

To establish causation in a negligence claim, the plaintiff must allege that the defendant's breach of his legal duty was both the actual and proximate cause of his injury. *McCullough v. Peeples*, 2015 U.S. Dist. LEXIS 27683, at *7 (W.D. Pa. March 5, 2015) (citing *Reilly v. Tiergarten Inc.*, 430 Pa. Super. 10, 633 A.2d 208, 210 (Pa. Super. 1993)). Actual causation is present when the "alleged injury would not have occurred but for a certain act or presence of a condition," *id.* (internal quotations and citations omitted), while proximate causation requires that the defendant's wrongful act be a "substantial factor in bringing about the plaintiff's harm." *Id.* (citing *Dudley v. USX Corp.*, 414 Pa. Super. 160, 606 A.2d 916, 923 (Pa. Super. 1992)) (internal quotations omitted).

Taking the facts alleged in the complaint as true, the Court concludes that Plaintiffs have failed to state a plausible cause of action for negligence against Defendant Brandt. Plaintiffs state that Defendant Brandt breached "his duty to exercise due care generally," as well as in the following ways specifically: (1) failing to remain on the bus; (2) confronting Mr. Andrews; (3) failing to attempt to retreat from the altercation; (4) provoking or otherwise encouraging the attack on Mr. Andrews; (5) failing to attempt to stop Defendant Plummer from striking Mr. Andrews; (6) acting unreasonably throughout the altercation; and (7) failing to exercise reasonable care. (ECF No. 1 ¶ 50.) These allegations, taken as true, do not establish that Defendant Brandt owed to Plaintiffs any duty. Moreover, Plaintiffs' argument that Defendant Brandt breached a general duty of care is unavailing, as it is unsupported by the factual content in the Complaint.

As noted above, there is no duty under Pennsylvania to control the conduct of a third party to protect another from harm, unless the defendant stands in a special relationship with either the victim or with the individual whose conduct must be controlled. Here, Plaintiffs have failed to allege that Defendant Brandt stood in any form of special relationship with either Mr. Plummer or with Plaintiffs themselves. Absent such special relationship, he owed no duty to control Mr. Plummer's actions or to protect Mr. Andrews from harm.

Moreover, the remaining allegations related to Defendant Brandt's alleged negligence fail, because they do not indicate that Defendant Brandt acted unreasonably or in any way that would have foreseeably elevated Mr. Andrews' risk of harm. *See Miller*, 912 F.Supp. at 167. Therefore, even leaving aside the fact that Defendant Brandt did not have a duty to control Defendant Plummer's conduct, Plaintiffs have still failed to allege that Defendant Brandt owed them any duty apart from one related to Defendant Plummer.

Plaintiffs argue that Defendant Brandt's conduct "amount[ed] to disorderly conduct and inciting a riot," and suggest that Defendant Brandt's conduct constituted a violation of the criminal laws of the Commonwealth of Pennsylvania. (ECF No. 39 at 4-5.) These arguments, however, are not grounded in the supporting facts alleged in the Complaint, and are therefore unavailing. The complaint alleges that Defendant Brandt confronted Mr. Andrews and "encouraged the attack" on him, but these actions are neither negligent nor intentional torts, and fall short of establishing that Defendant Brandt owed Plaintiffs any duty. (ECF No. 1 at 10-11.) The allegations that Defendant Brandt acted "unreasonably throughout the altercation" and "fail[ed] to exercise reasonable care" are no more than the sort of "[t]hreadbare recitals of the

elements" of negligence and "legal conclusions" that do not suffice to state a claim against Defendant Brandt. *See Iqbal*, 556 U.S. at 678.

Moreover, even if Plaintiffs had adequately alleged that Defendant Brandt owed Plaintiffs a duty, Plaintiffs have failed to allege that Defendant Brandt's conduct was either the actual or proximate cause of Mr. Andrew's injuries. Plaintiffs have included legal conclusions related to causation. (*See* ECF No. 1 ¶ 51.) Leaving those legal conclusions aside, however, the facts in the complaint, along with all inferences reasonably drawn therefrom, allege that Mr. Andrews' injuries were caused by the intentional actions taken by Defendant Plummer. The facts do not support any reasonable inference that Defendant Brandt's conduct was a "substantial factor" in bringing about Mr. Andrews' harm. *See McCullough*, 2015 U.S. Dist. LEXIS 27683, at *7.

The facts as stated in the Complaint do not state a plausible claim for relief against Defendant Brandt, and the Court finds that amendment of the Complaint with regard to Defendant Brandt would be futile. Plaintiffs' claims against Defendant Brandt are therefore dismissed with prejudice. *See Reckner v. County of Fayette*, 2011 WL 3810264, at *6 (W.D. Pa. Aug. 29, 2011) (dismissing negligence claim with prejudice, in part because the plaintiff failed to allege that the defendant owed to plaintiff a legal duty, and finding amendment of the complaint would be futile).

### B. Defendant Brantner's Motion to Dismiss

Defendant Brantner moves to dismiss the claims against him. (*See* ECF No. 35.) Defendant Brantner argues that Plaintiffs' Complaint fails to state a claim of negligence against him, because Plaintiffs have failed to allege that Defendant Brantner owed to Plaintiffs any duty

of care. (*See* ECF No. 36 at 4-5.) In the alternative, Defendant Brantner argues that Plaintiffs improperly pleaded a claim for punitive damages as a separate cause of action, and that they failed to plead sufficient facts to support a claim for punitive damages against Defendant Brantner. (*Id.* at 5-6.)

In opposition to Defendant Brantner's motion to dismiss, Plaintiffs argue that the Complaint sufficiently states a claim of negligence against Defendant Brantner. (*See* ECF No. 45 at 3-6.) Plaintiffs argue for the first time in this brief that they are "permitted to allege alternate liability and/or 'group negligence.'" (*Id.* at 4-5.) Plaintiffs assert that the "allegations in the Complaint sufficiently describe the conduct of Defendant, James Brantner, as what amounts to disorderly conduct and inciting a riot in participating in and provoking an attack on Plaintiff." (*Id.* at 5.) Plaintiffs concede that Defendant Brantner was not charged with any crime following the incident, but argue that he should, nonetheless, be held civilly liable. (*Id.* at 6.) Plaintiffs also argue that the punitive damages claim as to Defendant Brantner should not be dismissed at this stage because they have alleged sufficient facts in the Complaint such that they should have the opportunity to conduct discovery on the issue. (*Id.* at 6-7.)

The Court concludes that the Complaint fails to state a claim for negligence against Defendant Brantner, and will therefore not reach the issue of whether the punitive damages claim is proper with respect to this defendant.

The Court's analysis as to Defendant Brantner's motion to dismiss closely tracks the analysis above for Defendant Brandt. As with Defendant Brandt, Plaintiffs have failed to allege that Defendant Brantner owed Plaintiffs any legally recognized duty. Plaintiffs failed to allege that Defendant Brantner was in a special relationship with either Defendant Plummer or with

Mr. Andrews such that he had a duty to control Defendant Plummer's conduct. Moreover, the remaining allegations related to Defendant Brantner's individual conduct fail to establish that Defendant Brantner owed Plaintiffs a legal duty. There are no allegations to indicate that Defendant Brantner acted unreasonably or in any way that foreseeably elevated Mr. Andrews' risk of harm. *See Miller*, 912 F.Supp. at 167. Additionally, as with Defendant Brandt, there are no facts alleged, other than mere legal conclusions, that would support the reasonable inference that Defendant Brantner's conduct was the actual or proximate cause of Plaintiffs' harm. *See McCullough*, 2015 U.S. Dist. LEXIS 27683, at *7. Absent allegations that indicate that Defendant Brantner owed Plaintiffs a duty, or that Defendant Brantner caused Plaintiffs' injuries, there can be no cause of action for negligence against Defendant Brantner.

Plaintiffs' arguments in their brief in opposition to the instant motion are unavailing. There are no facts to support the imposition of alternative liability on the Defendants in this case. Indeed, Plaintiffs' own brief correctly articulates that this doctrine is reserved for cases in which there is "uncertainty" with regard to which of the defendants caused the plaintiff's injury. (*See* ECF No. 45 at 4.) Such "uncertainty" is not present here; the facts clearly allege that it was Defendant Plummer's conduct that caused Plaintiff's injury. The imposition of alternative liability is therefore both unnecessary and inappropriate in this case. *See McNeil v. City of Easton*, 694 F.Supp.2d 375, 400 (E.D. Pa. 2010). Plaintiffs have also failed to allege any facts in the Complaint to indicate that Defendant Brantner engaged in "disorderly conduct" or "inciting a riot," as Plaintiffs suggest in their brief. The Court therefore finds that these arguments are not grounded in the Complaint, and are therefore without merit. (*See* ECF No. 45 at 5.)

The Court's role at the motion to dismiss stage is to separate the legal conclusions asserted from the factual matters averred, and to determine whether the factual allegations are sufficient to demonstrate that the plaintiff has a "plausible claim for relief." *Fowler*, 378 F.3d at 211. Here, while Plaintiffs have included words like "negligently" and "unreasonable" throughout the Complaint, when the Court separates those legal conclusions from the actual facts alleged, the Court concludes that the factual content in Plaintiffs' complaint simply does not allow the Court to reach any "reasonable inference" that Defendant Brantner is liable for negligence. *See Sheridan*, 609 F.3d at 262 n. 27.

Rather, taking the facts in the light most favorable to Plaintiffs, the only reasonable inference from the facts alleged is that Mr. Andrews' injuries were caused by the intentional conduct of an individual with whom Defendant Brantner may have been associated. The facts therefore do not support a cause of action for negligence against Defendant Brantner, and it would be futile to permit Plaintiffs to amend the complaint with respect to the claims against Defendant Brantner. Therefore, the Court will dismiss the claims against Defendant Brantner with prejudice. *See Reckner*, 2011 WL 3810264, at *6 (dismissing negligence claim with prejudice, in part because the plaintiff failed to allege that the defendant owed to plaintiff a legal duty, and finding that amendment of the complaint would be futile).

### C. Defendant Plummer's Motion to Dismiss

Defendant Plummer moves to dismiss the claims against him for failure to state a claim. (*See* ECF No. 37.) Defendant Plummer argues that no legal doctrine exists to support a claim of negligence under the facts alleged. (ECF No. 38 at 4.) Specifically, Defendant Plummer argues that Plaintiffs have failed to allege that Defendant Plummer owed Plaintiffs a duty, that he

breached a duty, or that Plaintiffs' injuries were caused by the purported breach. (*Id.*) Alternatively, Defendant Plummer argues that Plaintiffs' claim for punitive damages against him should be dismissed because the claim is unsupported by the factual allegations in the Complaint. (*Id.*)

In opposition, Plaintiffs argue that the Complaint sufficiently states a claim against Defendant Plummer. (*See* ECF No. 46 at 3-5.) Specifically, Plaintiffs argue that "there is a duty to refrain from assault and battery," and that "Defendant Plummer was negligent and breached this duty by, among other things, striking Thomas B. Andrews when physical force was neither required nor permitted." (*Id.* at 4.) Plaintiffs also argue here, as they did in their brief in opposition to Defendant Brantner's motion to dismiss, that they should be permitted to allege alternative liability. (*Id.*) Lastly, Plaintiffs state that dismissal of their claim for punitive damages against Defendant Plummer would be premature at this stage, and that "there are sufficient facts in the Complaint to put the Defendant on notice of punitive damages and the Motion to Dismiss punitive damages should be deferred until Plaintiffs have had the opportunity to conduct discovery on the issue." (*Id.* at 5.)

As outlined above, to state a claim for negligence under Pennsylvania law, the plaintiff must allege the following elements: (1) a legal duty; (2) a breach of that duty; (3) a causal relationship between the defendant's negligence and plaintiff's injuries; and (4) damages. *City of Philadelphia*, 277 F.3d at 422 n. 9 (3d Cir. 2002).

Plaintiffs allege that Defendant Plummer "owed a duty to Plaintiffs" and that "in viciously attacking Thomas B. Andrews, [he] breached that duty by acting with excessive and unreasonable force, negligently and without due care." (ECF No. 1 ¶ 45.) Specifically, Plaintiffs

allege that Defendant Plummer "was unreasonable, negligent and breached his duty to exercise due care generally, and in the following respects: (a) Failing to remain on the bus; (b) Confronting Thomas B. Andrews; (c) Failing to attempt to retreat from the altercation; (d) Using excessive, disproportionate and unreasonable force; (e) Striking Thomas B. Andrews when physical force was neither required nor permitted; (f) Acting unreasonably throughout the altercation; and (g) Failing to exercise reasonable care." (_Id._ ¶ 46.)

While Plaintiffs couch their claims against Defendant Plummer in terms of negligence, and argue in their brief that he breached a "duty to refrain from assault and battery," (ECF No. 46 at 4), the facts in the Complaint allege intentional physical conduct. Therefore, Plaintiffs' proper cause of action against Defendant Plummer is for an intentional tort, not for negligence.

Although the Court is unaware of an authoritative case in which this precise issue has arisen, after a careful review of relevant case law arising in analogous contexts, the Court concludes that Pennsylvania law does not allow for recovery in negligence for what should be alleged as an intentional tort. *See, e.g., Carbone v. City of New Castle*, 2016 WL 406291, at *10-11 (W.D. Pa. Feb. 3, 2016) (dismissing the plaintiff's complaint in the context of lack of medical informed consent, and reasoning that because "Plaintiff's allegations sound in battery not negligence, Count VIII of the Amended Complaint must be . . . dismissed"); *Hall v. U.S.*, 2008 WL 919605, at *5 (M.D. Pa. April 2, 2008) (concluding, in the context of assessing whether a federal prisoner's claims could proceed under the Federal Tort Claims Act, that "[a]lthough the plaintiff use[d] the word 'negligence,' plaintiff's placement and confinement in the SHU was intentional," and that the plaintiff therefore did "not state[] a negligence claim upon which relief [could] be granted"); *Aetna Cas. And Sur. Co. v. Roe*, 437 Pa. Super. 414, 427 (Pa. Super.

1994) (in the context of an insurer's duty to defend, noting that "after a thorough search of Pennsylvania case law, we conclude that no precedent exists for recovery in negligence for injuries suffered as a result of the commission by a tortfeasor of the intentional torts of assault and battery. To characterize [the conduct alleged] as negligence would be to create a legal oxymoron as an extension of tort law that we are not inclined to create").

The Court thus concludes that merely sprinkling the Complaint with the words like "unreasonable" and "negligently" does not suffice to transform alleged intentional conduct into negligent conduct. Therefore, Plaintiffs' claims against Defendant Plummer are dismissed, and Plaintiffs are granted leave to amend the Complaint in accordance with this Memorandum Opinion and Order. *See Phillips*, 515 F.3d at 236.

The negligence claim against Defendant Plummer at Count V of the Complaint serves as the basis for Plaintiffs' claim for punitive damages against Defendant Plummer in Count VIII of the Complaint. (*See* ECF No. 1 ¶¶ 44-47, 54-55). Therefore, because the Court has dismissed Plaintiffs' claim for negligence against Defendant Plummer, Plaintiffs' claim for punitive damages against Defendant Plummer is also dismissed. As noted above, Plaintiffs are granted leave to amend the Complaint with regard to their claims against Defendant Plummer to reflect the intentional nature of his alleged conduct. Accordingly, Court will also permit Plaintiffs to amend the claim for punitive damages against Defendant Plummer.

### D. Defendant Live Nation's Motion to Dismiss Punitive Damages

Defendant Live Nation moves to dismiss Plaintiffs' claim against it for punitive damages. (*See* ECF No. 29.) Defendant Live Nation argues that Plaintiffs' allegations related to punitive damages are mere legal conclusions, and are unsupported by the requisite factual

allegations. (ECF No. 30 at 4.) Defendant Live Nation asserts that these allegations fall far short of the pleading standard for punitive damages, which is well-established under Pennsylvania law. (*Id.* at 5-6.)

In opposition to Defendant Live Nation's motion, Plaintiffs argue that the Complaint adequately states a claim against Defendant Live Nation which would allow Plaintiffs to recover punitive damages. (*See* ECF No. 42 at 4-6.)

Under Pennsylvania law, "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Maya v. Chertok*, 2015 WL 5254377, at *3 (M.D. Pa. Sept. 9, 2015) (citing *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 746-47 (Pa. 1984)) (internal quotations omitted). Punitive damages are thus only proper "in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchinson ex rel. Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). To establish a claim for punitive damages, a plaintiff must demonstrate that "(1) a defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 772; *see also Ditzler v. Wesolowski*, No. 3:05-CV-325, 2007 U.S. Dist. LEXIS 56736, at *10 (W.D. Pa. Aug. 3, 2007).

Here, the Complaint falls far short of alleging sufficient facts to support a claim for punitive damages against Defendant Live Nation. Plaintiffs allege that Defendant Live Nation owns and operates First Niagara, and that the altercation took place at First Niagara. (*See* ECF No. 1 ¶¶ 17-19.) Plaintiffs allege that Defendant First Niagara failed to provide adequate security "to deter and or prevent" the altercation. (*Id.* ¶ 25.)

In Count IV of the Complaint, Plaintiffs assert a claim of negligence against Defendant Live Nation, and state that the concert venue has a duty to establish protocol and policies to ensure the safety of its patrons. (*Id.* ¶ 41.) Plaintiffs allege that Defendant Live Nation breached this duty by failing to establish such rules or policies, failing to train its agents properly to adequately provide protection and security, and/or failing to follow established policies to ensure the Plaintiffs' safety. (*Id.* ¶ 42.)

In Count VIII of the Complaint, Plaintiffs assert a claim for punitive damages against all Defendants "due to their respective conduct which was outrageous, grossly negligent, willful, wanton, reckless, and in utter disregard and/or with criminal indifference to civil obligations and for the safety of the public and patrons given the high degree of risk and peril caused by permitting the conditions which have been alleged." (*Id.* ¶ 55.)

The Court has little difficulty concluding that the allegations in Count VIII of the Complaint constitute legal conclusions, and that these legal conclusions are not supported by the factual content related to Defendant Live Nation found elsewhere in the Complaint. Plaintiffs cite *Martin v. Goodyear Tire and Rubber Co.*, 1999 WL 137938, at *1 (E.D. Pa. Feb. 8, 1999), for the assertion that a Complaint which alleges negligence, coupled with recitation of terms associated with punitive damages, such as "wanton, reckless, and outrageous," is sufficient to state a claim for punitive damages. (ECF No. 42 at 6.) This case, however, is not persuasive for multiple reasons. First, and most importantly, it was decided well before the Supreme Court articulated the plausibility standard that now guides the Court's analysis on motions to dismiss. *See Twombly*, 550 U.S. 544 (2007); *Iqbal*, 556 U.S. 662 (2009). Furthermore, even if the approach taken by the court in *Martin* had not been effectively overruled by two

major Supreme Court cases, the court's analysis and reasoning in that case leaves it with little persuasive weight. Indeed, the *Martin* court acknowledged that, notwithstanding its holding, there were instances in which a claim for punitive damages should be "disallowed at the pleading state," and cited several cases that had taken that approach, even before *Twombly* and *Iqbal* heightened the pleading standard to require factual plausibility. *See Martin*, 1999 WL 137938, at *1 (citing cases).

The Court therefore concludes that the mere inclusion of words normally associated with the award of punitive damages, such as "outrageous," "wanton," and "reckless," is insufficient to state a claim for such damages when the facts alleged make no mention of conduct that rises above ordinary negligence. Here, the Complaint alleges only that Defendant Live Nation failed in the way of establishing safety policies, training employees on such policies, and following such policies. The Complaint is completely devoid of any fact that would allow the Court reasonably to infer that Defendant Live Nation acted in a manner that could be classified as "outrageous" or with "reckless disregard" for the safety of its patrons.

Plaintiffs have failed to state a plausible claim for punitive damages against Defendant Live Nation, and Defendant Live Nation's motion to dismiss Plaintiffs' punitive damages claim is therefore granted. *See, e.g., Boring*, 362 Fed. Appx. 273, 283 (3d Cir. 2010) (affirming the trial court's decision to grant the defendant's motion to dismiss the plaintiffs' claim for punitive damages, stating that the complaint "fails to allege conduct that is outrageous or malicious" and "there are no facts suggesting that [the defendant] acted maliciously or recklessly or that [the defendant] intentionally disregarded the [plaintiffs'] rights"); *McCullough*, 2015 U.S. Dist. LEXIS 27683, at *17 (granting motion to dismiss the plaintiff's claim for punitive damages because the

allegations were "conclusory statements" that did not set forth a plausible claim for punitive damages where the plaintiff alleged that the defendant's actions "constituted outrageous conduct and demonstrated wanton and reckless indifference to the [plaintiff's] safety" and "evidenced conscious acts of an unreasonable character and demonstrated disregard of a risk"); *Gregg v. Lonestar Transp., LLC*, No. 3:14-CV-44, 2015 U.S. Dist. LEXIS 27680, at *10-11 (W.D. Pa. Mar. 6, 2015) (granting motion to dismiss the plaintiff's claim for punitive damages because the plaintiff failed to allege sufficient supporting facts); *Allegrino v. Conway E & S, Inc.*, No. 09-CV-1507, 2010 U.S. Dist. LEXIS 106734, at *38-39 (W.D. Pa. Oct. 6, 2010) (dismissing the plaintiff's request for punitive damages because it was "pled in a conclusory fashion").

In light of legal principles favoring the opportunity to amend a deficiently pleaded complaint, the Court grants Plaintiffs leave to amend the Complaint to allege facts, if any, that would support a claim for punitive damages against Defendant Live Nation. *See Phillips*, 515 F.3d at 236.

**VI.     Conclusion**

For the foregoing reasons, the Court grants the motions to dismiss filed by Defendants Brandt and Brantner with prejudice. The Court grants Defendant Plummer's motion to dismiss and Defendant Live Nation's motion to dismiss punitive damages with leave to file amended claims by way of an amended complaint.

An appropriate order follows.

| | | |
|---|---|---|
| **THOMAS B. ANDREWS & WENDY** | ) | |
| **ANDREWS,** his wife, | ) | **CIVIL ACTION NO. 3:15-228** |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| **v.** | ) | |
| | ) | |
| **FULLINGTON TRAIL WAYS, LLC, d/b/a** | ) | |
| **FULLINGTON BUS COMPANY** and | ) | |
| **FULLINGTON TOURS,** a Pennsylvania | ) | |
| Limited Liability Company, **LIVE NATION** | ) | |
| **WORLDWIDE INC.,** and **MATTHEW** | ) | |
| **JEFFREY PLUMMER,** individually, and | ) | |
| **JAMES BRANTNER,** individually, and | ) | |
| **TOM BRANT,** individually, and | ) | |
| **CLARENCE FLOREY, JR.,** individually and | ) | |
| in his capacity as an employee of the | ) | |
| Fullington Trailways, LLC and **JOHN** | ) | |
| **DOES,** | ) | |
| **Defendants.** | ) | |

## ORDER

**AND NOW,** this 8th day of July, 2016, upon consideration of Defendant Brandt's

Motion to Dismiss (ECF No. 22), Defendant Brantner's Motion to Dismiss (ECF No. 35),

Defendant Plummer's Motion to Dismiss (ECF No. 37), Defendant Live Nation Worldwide

Inc.'s Motion to Dismiss Punitive Damages (ECF No. 29), and Plaintiffs' Motions for Leave to

Amend the Complaint (ECF Nos. 45, 46), **IT IS HEREBY ORDERED AS FOLLOWS:**

- Defendant Brandt's Motion to Dismiss (ECF No. 22) is **GRANTED.** Plaintiffs' claims
  against Defendant Brandt are **DISMISSED WITH PREJUDICE.**

- Defendant Brantner's Motion to Dismiss (ECF No. 35) is **GRANTED.** Plaintiffs' claims
  against Defendant Brantner are **DISMISSED WITH PREJUDICE,** and Plaintiffs' Motion

for Leave to Amend the Complaint with respect to Defendant Brantner (ECF No. 45) is **DENIED**.

- Defendant Plummer's Motion to Dismiss (ECF No. 37) is **GRANTED**. Plaintiffs' Motion for Leave to Amend the Complaint with respect to the claims against Defendant Plummer (ECF No. 46) is **GRANTED**.

- Defendant Live Nation's Motion to Dismiss Punitive Damages (ECF No. 29) is **GRANTED**. Plaintiffs are granted leave to amend the Complaint with respect to the punitive damages claim against Defendant Live Nation.

- Plaintiffs shall file an Amended Complaint within twenty days of the date of this Order.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**